UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARY SMITH, etc., et al                                           PLAINTIFFS

v.                                                   CIVIL ACTION NO. 3:07CV-343-S

BEELMAN TRUCK CO., et al                                          DEFENDANTS

and

BEELMAN TRUCK CO.                                       THIRD-PARTY PLAINTIFF

v.

PASCHALL TRUCK LINES, INC.                            THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION AND ORDER

In this vehicular accident case, Paschall Truck Lines, Inc. ("Paschall"), moves *in limine* to exclude evidence of the numerous criminal convictions of the driver of its truck, Wendell Price.

The undisputed facts are that the subject accident occurred on I-65 in Louisville. An automobile occupied by the plaintiffs was in a line of traffic when it was hit from the rear by a tractor-semitrailer rig owned and operated by Beelman Truck Co. ("Beelman") and forced forward into and partially under the semitrailer portion of a rig owned and operated by Paschall and driven at the time by Wendell Price. The Paschall rig was also in the line of traffic, ahead of the plaintiffs' vehicle, and stopped or barely moving at the time of the impact.

- 2 -

The plaintiffs originally sued only Beelman. Beelman then filed a third-party complaint against Paschall, alleging, *inter alia*, that on the occasion of the accident the Paschall vehicle was defective in that, among other things, it had an underride protection bumper that was inadequately attached to the semitrailer. Beelman further claims that Paschall was negligent in hiring or retaining Wendell Price as its driver because (1) Price failed to recognize the inadequacy of the underride bumper and (2) he was unqualified to operate a commercial motor vehicle.

The plaintiffs then filed an amended complaint making substantially the same allegations directly against Paschall.

No party has sued Wendell Price, and no party has contended that Price negligently drove the Paschall rig on the occasion of the accident.

It turns out that Wendell Price has a series of criminal convictions in his past. The court is advised that Price was convicted in 1987 of burglary of a habitation with the intent to commit sexual assault, a felony. In 2001, he was convicted of vehicular assault, also a felony. Price also has prior misdemeanor convictions for public intoxication, assault, and drunk driving.[1]

Obviously feeling that proof at trial of Price's convictions would taint the jury, Paschall has moved *in limine* to exclude evidence of any of his prior convictions. Paschall contends that Price's prior convictions are irrelevant and therefore inadmissible. Paschall also contends that even if the evidence is relevant, its probative value is substantially outweighed by the danger of unfair prejudice pursuant to FED. R. EVID. 403.

The motion, while perhaps somewhat premature, has been fully briefed.

---

[1] Beelman claims that, at the time Price was hired by Paschall, his criminal record included convictions for aggravated assault, resisting an officer, larceny, theft, possession of a deadly weapon in a penal institution, two counts of driving while intoxicated, unlawful carrying of a weapon, assault threatening bodily injury, unauthorized use of a vehicle, failure to stop and give information, failure to comply with sexual offender registry requirements, and three counts of resisting arrest.

## **DISCUSSION**

### **I**

No party contends that Price's operation of the Paschall vehicle contributed to cause the accident. Rather, the plaintiffs and Beelman contend that the Paschall semitrailer was in a defective condition at the time the accident occurred, that Price failed to note the defective condition before driving the Paschall vehicle on the roadway. They claim that the inadequately attached underride protection bumper contributed to cause serious injuries to the plaintiffs, including death of an occupant of the plaintiffs' automobile.

Beelman contends that, under FED. R. EVID. 404(b), evidence of Price's prior criminal history is admissible. Specifically, Beelman contends that this evidence shows that Price was an aggressive driver, an unfit driver, and that he did not obey the law in general. Beelman contends that such tendency created a "culture of carelessness and noncompliance" in which Paschall drivers were not encouraged to exercise due care in the operation of Paschall's vehicles, which shows a lack of incentive to exercise due care in safety-related duties, such as inspections of Paschall's vehicles.

The problem with Beelman's argument is that Price is not accused of causing the accident. Rather, the plaintiffs and Beelman accuse Price of negligently failing to notice a defectively attached underride protection bumper. This defectiveness is not alleged to have caused the accident, but to have enhanced the plaintiffs' injuries and damages.

The court concludes that Price's prior criminal convictions are irrelevant, and therefore inadmissible under FED. R EVID. 402. Moreover, the evidence is not offered for a proper purpose under FED. R. EVID. 404(b). Neither motive, opportunity, intent, preparation, plan, knowledge, identity, nor absence of mistake or accident are proven by Price's prior criminal convictions. The

only real issue with respect to Paschall and Price is the condition of Paschall's semitrailer, and awareness thereof by Price and/or Paschall prior to putting the semitrailer on the road. Price's purported negligent inspection of the Paschall semitrailer is not in any way proven by evidence of his prior criminal misconduct.

## II

At trial, Price may testify. Beelman also contends that Price's felony convictions are admissible under FED. R. EVID. 609(a)(1) as impeachment evidence.

Traditionally, and subject to the balancing requirement of FED. R. EVID. 403, the fact of a prior felony conviction has often been deemed admissible as tending to bear on the truthfulness of a testifying witness.

The problem here is that Price's prior felony convictions are somewhat sensational, and obviously present the danger of unfair prejudice. This might be curable by allowing proof of a prior felony conviction without identifying the nature of the felony. But it is difficult for the court, at this juncture, to perform the 403 balancing. That is because the probative value of Price's testimony is uncertain.

The court is advised that Price had no knowledge of the prior impact between the Beelman rig and the plaintiffs' vehicle, and did not know that the plaintiffs' vehicle would run into the rear of the Paschall's rig until the impact actually occurred. Price is not accused of negligently operating his rig. Rather, he is accused of negligently inspecting it. Thus, the court is left to wonder exactly what part of Price's testimony will be in dispute. The claims of the plaintiffs and Beelman relate only to the condition of the Paschall tractor-trailer. The court believes that it is possible that little or none of Price's testimony will actually be in dispute.

Under these circumstances, a ruling now on FED. R. EVID. 403 would be improvident. Such a ruling would be better made during the trial, in which the court would be in a better position to evaluate the evidence as a whole and the probative value of Price's testimony in particular.

Accordingly, and for the reasons stated above, the motion of defendant and third-party defendant, Paschall, *in limine*, to exclude evidence of Wendell Price's prior criminal convictions is **SUSTAINED** insofar as said evidence would be offered by the plaintiffs and defendant and third-party plaintiff, Beelman, the court finding that such evidence is irrelevant and consequently inadmissible. FED. R. EVID. 403.

Insofar as the plaintiffs and defendant and third-party plaintiff, Beelman, propose to offer evidence of Wendell Price's prior convictions which qualify under FED. R. EVID. 609 for purposes of impeachment should Wendell Price testify at trial, the court will **RESERVE RULING**. No party shall elicit such evidence during trial prior to the court having an opportunity to entertain argument and make a ruling at that time, and no party shall mention such evidence in opening statements or in *voir dire*, nor elicit such evidence from any other witness, prior to the court ruling on admissibility for purposes of impeachment of Wendell Price.

**IT IS SO ORDERED** this

cc: Counsel of Record